UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CHRISTOPHER LEMA,<br><br>  Plaintiff,<br><br> v.<br><br>THE PEOPLE,<br><br>  Defendant. | Case No. 20-cv-00631-RMI<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE** |

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Clara County, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has paid the filing fee and consented to the jurisdiction of a Magistrate Judge. (Dkts. 1, 3).

**BACKGROUND**

Petitioner was convicted of second-degree murder. *People v. Lema*, No. H044128, 2019 WL 1970325, at *1 (Cal. Ct. App. May. 3, 2019). Petitioner was sentenced to 16 years to life in state prison. *Id*. The California Court of Appeal affirmed the judgment. *Id*. The California Supreme Court denied review. *See* Pet. at 3.

**DISCUSSION**

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

Petitioner's sole ground for federal habeas relief asserts that his due process rights and right to a fair trial were denied by the trial court's response to a jury request for further explanation of the differences between first-degree murder, second-degree murder and voluntary manslaughter. Liberally construed, this claim is sufficient to require a response.

## CONCLUSION

For the foregoing reasons, Respondent shall file with the court, and serve on Petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer, and serve on Petitioner, a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within fourteen (14) days of receipt of any opposition.

2

1  Petitioner is reminded that all communications with the court must be served on
2 Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep
3 the court informed of any change of address and must comply with the court's orders in a timely
4 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
5 to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.
6 1997) (Rule 41(b) applicable in habeas cases).

The clerk shall serve by regular mail a copy of this order, the petition and all attachments thereto and a Magistrate Judge Jurisdiction consent form on Respondent and Respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on Petitioner.

**IT IS SO ORDERED.**

Dated:

ROBERT M. ILLMAN
United States Magistrate Judge

3